# EXHIBIT A

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO
LIMITED JURISDICTION

VIA-FAX

DIAMOND CAVAZOS RIVAS,

        Plaintiff,

-vs-

SOUTHWEST CREDIT SYSTEMS, LP

        Defendant.

CASE NO.: 37-2016-00012123-CL-NP-CTL

COMPLAINT
1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of the Federal Fair Debt Collection Practices Act
3. Violation of Fair Credit Reporting Act
4. Violation of California Consumer Credit Reporting Agencies Act

(Amount Not to Exceed $10,000)

JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681

1

(hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCCRA"), which regulate the collection, dissemination, and use of consumer information, including consumer credit information

## II. PARTIES

2. Plaintiff, Diamond Cavazos Rivas ("Plaintiff"), is a natural person residing in San Diego County in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3. At all relevant times herein, Defendant, Southwest Credit Systems, LP ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCCRA.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instance complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff and in an attempt to collect an alleged outstanding debt.

5. Defendant attempted to contact Plaintiff on her parent's home telephone number ending in -9248 beginning on or about September 6, 2015.

6. Defendant's first call to the number ending in -9248 occurred at or about 7:33 am and consisted of a prerecorded message.

7. Defendant continued to call Plaintiff daily and on multiple occasions before 8:00am and after 9:00 pm.

2

9. Defendant called Plaintiff from the phone number (844) 695-9395 as well as other phone numbers.

10. Defendant called Plaintiff on the home telephone number ending in -9248 with enough frequency and regularity to constitute harassment under the circumstances.

11. When Plaintiff's mother picked up the telephone, Defendant communicated with her about Plaintiff's debt, thus communicating information about Plaintiff's private debt with a third party.

12. At no point did Plaintiff provide the home telephone number ending in -9248 to Defendant and thus Defendant did not have consent to call the number ending in -9248.

13. Further, on multiple occasions starting in June 2015 during which Plaintiff spoke with Defendant, Plaintiff told Defendant to stop calling Plaintiff, thus revoking any prior consent.

14. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff still owes a past due balance. However, Plaintiff is informed, upon valid information and belief, that Plaintiff does not owe the account.

15. Plaintiff disputed the debt with Defendant on or about June 2015 and requested validation for the debt after she began receiving automated calls and letters.

16. Defendant never provided validation of the debt.

17. Plaintiff disputed the account in writing with TransUnion on or about July of 2015 and requested validation of the debt.

18. TransUnion sent Plaintiff a letter to Plaintiff informing that after its investigation it had deleted Defendant's tradeline.

19. Plaintiff did not receive a response from Experian and Equifax and the erroneous derogatory continues to exist on and damage her credit.

20. On November 16, 2015, Plaintiff's counsel sent a notice of representation to Defendant that included a further written revocation of any consent to be called. Defendant has not responded to said notice.

21. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

22. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

   d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(e));

   e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

   f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

   g) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

    h) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

    i) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

23. Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

24. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

25. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was also denied a line of credit because of the inaccurate reporting.

26. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

27. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Plaintiff was denied access to a credit line;
    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
    c. Decreased credit score which may result in inability to obtain credit on future attempts.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

31. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

32. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.

34. As a result of the above violations of the RFDCPA, FDCPA, FCRA, and CCCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff reincorporates by reference all of the preceding paragraphs.

36. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff reincorporates by reference all of the preceding paragraphs.

38. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

39. Plaintiff reincorporates by reference all of the preceding paragraphs.

40. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

41. Plaintiff incorporates by reference all of the proceeding paragraphs.

42. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

43. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

44. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

45. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

46. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 13th day of April, 2016

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

9